UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEWIS, JR., | No. 2:25-cv-2190 CSK P |
| Plaintiff, | ORDER |
| v. | |
| R. VELASQUEZ, et al., | |
| Defendants. | |

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I.  SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     PLAINTIFF'S COMPLAINT

In his first claim, plaintiff alleges that on April 22, 2025, he was cell extracted "by said defendants," and once he was secured and taken to Sacramento Facility A-1 small yard, plaintiff was socked in the face for trying to catch his breath.  (ECF No. 1 at 3.)  As a result, plaintiff sustained a swollen face, left eye and right cheek, and his "mental health PTSD was heightened." (Id.)

In his second claim, plaintiff alleges that on April 22, 2025, defendants D. Martin and D. Anderson secured plaintiff from his cell 223 in Facility A-1, and upon exiting the cell, plaintiff was thrown to the floor and assaulted by the defendants, "forearm, elbow and fist."  (ECF No. 1 at 4.)  As a result, plaintiff sustained a swollen left eye and right cheek, and his "PTSD mental illness [was] heightened."  (Id.)

 In his third claim, plaintiff claims "officers" used excessive force for plaintiff reporting staff's misconduct.  (Id. at 5.)  So, when defendants cell extracted plaintiff, they used unnecessary force because plaintiff was already restrained in handcuffs.  (Id.)

Plaintiff names four defendants:  Correctional Officers R. Velasquez, T. Gonzalez, and D. Martin, and Correctional Lieutenant D. Anderson, all employed at California State Prison, Sacramento.  As relief, plaintiff seeks tangible property, such as a car, boat, and house, as well as money damages.  (Id. at 6.)

III.    DISCUSSION

A.  Excessive Force

Plaintiff alleges the use of excessive force in violation of his Eighth and Fourteenth Amendment rights.

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places

restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is ...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)). When determining whether the force was excessive, we look to the "extent of the injury. . . , the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 321). While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9 (citing Whitley, 475 U.S. at 327).

    Plaintiff's allegations of excessive force are unclear as to each defendant's role in the use of force, as well as whether plaintiff's allegations in claim two are the same use of force as the use of force pled in claim one. In addition, plaintiff only includes factual allegations as to defendants D. Martin and D. Anderson. (ECF No. 1 at 4.) Plaintiff included no charging allegations as to defendants Correctional Officers R. Velasquez and T. Gonzalez. Plaintiff must include charging allegations as to each named defendant, and make clear what each named defendant did or did not do that violated plaintiff's Eighth Amendment rights. While it appears plaintiff may be able to state a potentially cognizable civil rights claim based on the use of excessive force, plaintiff must clearly identify the dates the use of force occurred and which named defendant used excessive force, as well as alleging facts as to each of the elements set forth in Hudson, 503 U.S. at 7. Plaintiff is granted leave to amend to do so.

    In addition to alleging cruel and unusual punishment, plaintiff alleges defendants' actions violated plaintiff's Fourteenth Amendment rights. (ECF No. 1 at 3, 4.) However, such claims are subsumed by the Eighth Amendment and do not state a separate claim. See Albright v. Oliver,

510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing such a claim.") (internal quotes and citation omitted); Whitley v. Albers, 475 U.S. 312, 327 (1986) (the Fourteenth Amendment affords a prisoner no greater protection than the Eighth Amendment). Therefore, plaintiff should only amend his complaint to pursue his Eighth Amendment claims against the defendant who violated those rights by allegedly using excessive force.

### B. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

In his third claim, plaintiff marks the box for "retaliation," but then claims violations of his Eighth and Fourteenth Amendments. Plaintiff is advised that retaliation claims are governed by the First Amendment, as explained above.

Second, plaintiff vaguely claims that "officers" used excessive force based on plaintiff "reporting staff misconduct." (ECF No. 1 at 5.) But plaintiff fails to explain how the staff misconduct was reported, or to whom, and fails to set forth facts showing that each named defendant was aware of plaintiff's report of staff misconduct such that the protected conduct motivated the actions of each defendant who allegedly used excessive force. If plaintiff can identify his protected conduct, plaintiff must allege facts showing a nexus between his protected conduct and the alleged retaliatory act. See Brodheim, 584 F.3d at 1271 (a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct). Plaintiff's speculation and conclusion that defendants' conduct was motivated by a

5

desire to retaliate does not suffice to state a claim.  See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (noting that plaintiff's "sheer speculation" that defendants had knowledge of his protected conduct was insufficient to show retaliatory intent); Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990) ("Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.").

Further, timing alone is insufficient.  See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (stating retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this").  While timing may be considered circumstantial evidence of retaliatory intent, "timing alone is insufficient" to support an inference that prison officials took an adverse action against a prisoner in retaliation because of a prisoner's participation in protected conduct.  See Pratt, 65 F.3d at 808.

### C.   Relief

Finally, plaintiff is advised that he may not seek tangible property as relief in a civil rights action.  Plaintiff may seek compensatory or money damages.

## IV.   LEAVE TO AMEND

In light of the above deficiencies, the Court grants plaintiff leave to file an amended complaint.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is not granted leave to add new defendants or new claims.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.   CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

///
///
///
///

7

1    Failure to file an amended complaint in accordance with this order may result in the
2 dismissal of this action.

4 Dated: September 17, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/lewi2190.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEWIS, JR.,<br><br>            Plaintiff,<br><br>      v.<br><br>R. VELASQUEZ, et al.,<br><br>            Defendants. | No.  2:25-cv-2190 CSK P<br><br><br>NOTICE OF AMENDMENT |

Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐     Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff